OPINION OF THE COURT
WlLMER J. PATLOW, J.
Defendant moves for partial summary judgment pursuant to CPLR 3212 (e) dismissing $90,000 of the damages alleged by plaintiff in his amended bill of particulars. Plaintiff cross-moves pursuant to CPLR 3025 for permission to amend his complaint.
This action arises out of a fire which occurred March 17, 1979 on the premises of the Jacqueline Shop, Inc. As partial reimbursement for damages resulting from the fire, the Jac *888 queline Shop received the sum of $90,000 from its insurer Pennsylvania General Insurance Company. Pennsylvania General, as subrogee, then brought an action against Rochester Gas & Electric Corp. seeking to recover the $90,000 from the alleged tort-feasor.
On February 4, 1982, the subrogated suit against Rochester Gas & Electric Corp. was settled for the sum of $36,000.
During the time the insurance claim by the Jacqueline Shop against Pennsylvania General was being adjusted and paid, the Jacqueline Shop made an assignment of its assets to C. Bruce Lawrence for benefit of creditors.
On January 27, 1982, for valuable consideration, C. Bruce Lawrence assigned to Marvin Raff, plaintiff herein, all of the Jacqueline Shop’s claims against Rochester Gas & Electric Corp. arising out of the March 17, 1979 fire, with the proviso that such assignment was "only of such sums as may be due in excess of the claim of Pennsylvania General Insurance Company as subrogee of the claims of Jacqueline Shops, Inc. against the Rochester Gas and Electric Corporation”.
The instant action was commenced on or about January 28, 1982 and paragraph (10) of the complaint states that "this action is for the losses sustained by Jacqueline Shop, Inc., by reason of the negligence of the defendant, not covered by the receipt of insurance proceeds from the Pennsylvania General Insurance Company”.
In plaintiff’s original bill of particulars, dated July 30, 1982, he calculated damages by deducting the $90,000 paid to the Jacqueline Shop by Pennsylvania General.
Recently, however, in February of 1986, plaintiff amended his bill of particulars to delete the $90,000 deduction and now takes the position that the $90,000 payment may not necessarily be used to reduce plaintiff’s damages.
According to plaintiff, the proper procedure at this point would be for the court to permit him to amend his complaint by deleting the language "not covered by the receipt of insurance proceeds from the Pennsylvania General Insurance Company” from paragraph (10) as recited above. Defendant would be allowed to raise the $90,000 payment as a defense and in mitigation of damages but only in accordance with the collateral source doctrine.
Defendant asserts that permitting plaintiff to amend his complaint would merely postpone the damages issue and that plaintiff’s damages are limited by the explicit terms of the *889 assignment and thus the collateral source rule is inapplicable here.
The court will not delay in addressing the damages issue presented. Plaintiff’s damages flow from his claim, which was purchased for valuable consideration and can be no greater than that which was assigned to him.
Plaintiff makes much of the fact that the assignment to him from C. Bruce Lawrence made no specific mention of the sum of $90,000, the implication being that the limitation was of an undetermined amount only because the subrogated matter had not yet been concluded.
The affidavit of C. Bruce Lawrence submitted to the court specifically states:
"5. What Mr. Raff was given in the assignment was whatever right that I as Assignee had. There was no intention to reserve to the Assignee any part of the claim against RG&E. By the assignment, we gave to Mr. Raff the same claim that we would have the right to bring, no more and no less.
"6. We intended, therefore, in giving to Marvin Raff every right we had, to make sure that, since our rights were limited by the subrogation rights of PGI, that what we were giving to him would be similarly limited, since we wanted to make sure we were not giving him something we did not have.”
By Mr. Lawrence’s own affidavit, he assigned to plaintiff herein all of the Jacqueline Shop’s claims as limited by Pennsylvania General’s rights of subrogation.
It is established that "[a] person is entitled to subrogation only to the extent that his money or other property was actually paid or transferred by him and actually used to discharge another person’s obligation to the one for whom the subrogee is substituted” (23 NY Jur 2d, Contribution, Indemnity, and Subrogation, § 41).
Thus, Pennsylvania General was subrogated to the Jacqueline Shop’s claim to the extent of $90,000, the amount it undisputedly paid, and the Jacqueline Shop was bound by the actions of its subrogee at least to that extent.
It follows that when Pennsylvania General settled and compromised its $90,000 claim against Rochester Gas & Electric Corp. for the sum of $36,000 the Jacqueline Shop, as subrogor, was bound thereby as well.
Consequently, since the Jacqueline Shop was bound by the settlement, the assignment to plaintiff of the Jacqueline *890 Shop’s claims was also subject to the settlement, and plaintiff is limited by the release given to Rochester Gas & Electric Corp. by Pennsylvania General at least to the extent of $90,000 of the Jacqueline Shop’s claims.
What transpired here is essentially that the Jacqueline Shop’s claim has been split in two by virtue of the assignment to plaintiff. The court makes no ruling with respect to the propriety of such claim splitting because that issue has not been raised. Nevertheless, the fact that the claim has been split directly affects the outcome of the damages issue.
By way of hypothetical, let us assume that the total amount of damages sustained in the fire and attributable to the negligence of defendant is $200,000. Let us further assume, as in the case at bar, that $90,000 of the damages was paid by the insurer who was then subrogated to that extent and proceeded to compromise the $90,000 claim for $36,000.
If plaintiff’s theory of the assignment is upheld, defendant would again be at risk to this "second plaintiff” for the full extent of the $200,000 even though it had already obtained a release from the "first plaintiff” with respect to $90,000 claim. Thus, if plaintiff were to prevail on his $200,000 claim, and even if defendant were to successfully plead and prove the $36,000 in reduction of damages, the harm to defendant would be in twice having to defend the $54,000 difference between the $90,000 claimed and the $36,000 paid in settlement of the first suit. This harm exists despite the fact that defendant’s total outlay would not exceed the $200,000 in damages actually suffered by the injured party.
Viewed from another perspective, if the "second plaintiff” were to recover $164,000 on his $200,000 claim, the total recovery would be $164,000 plus the $90,000 received from the insurer or the sum of $254,000, which is greater than the actual damages suffered. Such recovery may very well be permitted under the collateral source doctrine. But if the injured party is permitted to split his claim by first subrogating $90,000 to the insurer and then assigning the entire $200,000 claim to the "second plaintiff”, the aggregate claims against defendant would total $290,000. Even if the assignment to the "second plaintiff” were conceded to be no more than $164,000, defendant would still be facing $254,000 in claims, a figure in excess of the $200,000 actual damages suffered by the injured party due to the fire.
Thus, although the general rule remains that defendant is *891 not allowed to show recovery from a collateral source in mitigation of damages, the above hypothetical demonstrates that nothing in the collateral source doctrine dictates that defendant must suffer exposure in an amount greater than the total amount of damages sustained where the injured party has elected to split his claim, by assignment or otherwise, between two or more plaintiffs.
Therefore, defendant’s motion for partial summary judgment limiting damages to the excess above $90,000 is hereby granted and plaintiff’s motion for permission to amend his complaint is hereby denied.